[Dkt. Ents. 98, 99, 100, 104]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____
                                :
ROBERT TRAAE,                   :
                                :
              Plaintiff,        :    Civil No. 06-5593 (RMB/JS)
                                :
         v.                     :    AMENDED MEMORANDUM AND ORDER
                                :
P. AGNES, INC.,                 :
                                :
              Defendant.        :
_____ :
```

THIS MATTER comes before the Court upon several motions: 1) Defendant/Third Party Plaintiff P. Agnes, Inc.'s Motion for Summary Judgment as to all counts of the Amended Third-Party Complaint [Docket No. 98]; 2) Third-Party Defendant Hightec HVAC, Inc.'s Motion for Summary Judgment as to the First and Second Counts of the Amended Third-Party Complaint [Docket No. 99]; 3) Third-Party Defendant George Sparks, Inc.'s Motion for Summary Judgment [Docket No. 100]; and 4) Third-Party Defendant Selective Insurance Company of America's Motion for Summary Judgment [Docket No. 104]. For the reasons set forth herein, all motions will be denied.

Third-Party Plaintiff P. Agnes, Inc., however, will be required to further brief the issues relating to its breach of contract claims against Hightec HVAC, Inc. ("HVAC") (Count 5) and George Sparks, Inc. (Count 4).

**Standard**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1]  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[2]  Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

---

[1] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  See id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  See id.

[2] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

**Analysis**

A review of the voluminous papers submitted in connection with the pending motions readily demonstrates that genuine issues of material fact exist here. There are genuine issues of dispute as to whether HVAC and/or Sparks are liable to the Plaintiff for the injuries he sustained. Without this determination of liability, the remaining claims cannot be determined. The same applies to the claims against HVAC's insurance carrier, Third-Party Defendant Erie Insurance Group ("Erie") and Sparks' insurance carrier, Third-Party Defendant Selective Insurance Company of America ("Selective"). Numerous factual questions must be resolved before any determination can be made as to whether P. Agnes, Inc. is, in fact, an additional insured under either policy. Relatedly, the question of whether the policies in question are primary or excess policies must await those factual determinations. Accordingly, all pending motions will be denied.

The Court, however, requests further briefing by the Third-Party Plaintiff P. Agnes, Inc. regarding its breach of contract claims against HVAC and Sparks. The record before this Court appears to reflect no genuine dispute that HVAC and Sparks purchased the requisite insurance policies. See Docket Entry No. 98, Stmt. Facts, ¶¶ 14-33. P. Agnes, Inc. argues, however, that if it is ultimately determined that P. Agnes, Inc. is not entitled to coverage under the policy, then HVAC and/or Sparks

has breached its promise to secure insurance coverage.  P. Agnes Inc. cites to no authority for the proposition that a party who obtains the requisite insurance policy pursuant to the terms of the contract somehow breaches that contract if coverage is ultimately denied.  Has not the contracting party complied and lived up to its bargain?  P. Agnes, Inc. shall address these issues in a brief submitted to the Court no later than December 23, 2009.[3]  Replies, if any, shall be filed by January 6, 2010.  Upon submission of the same, the Court will re-visit the breach of contract claims (Counts 4 and 5) asserted in the Third-Party Complaint.

IT IS SO ORDERED.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: December 10, 2009

---

[3] Of course, if P. Agnes, Inc. chooses not to pursue this claim, supplemental briefing will not be necessary.